# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HUNTON & WILLIAMS LLP,                      )
                                         )
     Plaintiff,            )
                                         )
                                         )
     v.                    )
                                         )
                                         )
FEDERAL DEPOSIT INSURANCE CORPORATION,      )
                                         )
     Defendant.            )
                                         )
                                         )

## COMPLAINT

Plaintiff Hunton & Williams LLP[1] ("Plaintiff") for its complaint against Defendant Federal Deposit Insurance Corporation ("FDIC") alleges, by and through its attorneys, on knowledge as to Plaintiff, and on information and belief as to all other matters, as follows:

### Introduction

1.    This is an action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain agency records relating to a determination made by the FDIC that all unsecured claims against Colonial Bank ("Colonial"), for which the FDIC acts as Receiver, have "no value" (the "Colonial 'no value' determination") because, according to the FDIC, there is no possibility that sufficient assets will be recovered to pay Colonial's administrative and deposit liabilities.

2.    The FDIC has attempted to use the Colonial "no value" determination to seek dismissal of claims filed by Bank of America, N.A. ("Bank of America") against the FDIC as

---

[1] Hunton & Williams LLP brings this action solely in its capacity as co-counsel to Bank of America, National Association.

Receiver for Colonial. Colonial was a central wrongdoer in a criminally fraudulent scheme through which billions of dollars were stolen from major financial institutions, resulting in convictions of key Colonial executives. Bank of America, which was one of the chief victims of Colonial's fraudulent scheme, submitted a claim in the Colonial receivership. In 2010, after the FDIC disallowed that claim, Bank of America exercised its right under the Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.*, as amended by the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), to obtain judicial review of its claim in an Article III court by filing a de novo action against the FDIC in the United States District Court for the District of Columbia. *See Bank of America, N.A. v. Federal Deposit Insurance Corp.*, No. 10-CV-1681 (BJR) (D.D.C. filed Oct. 1, 2010) ("2010 Action").

3.      The 2010 Action had been pending for over two and a half years when the FDIC issued the Colonial "no value" determination. Shortly thereafter, the FDIC filed a motion to dismiss Bank of America's claims in the 2010 Action on the ground that the FDIC's Colonial "no value" determination had established as an "adjudicative fact" that claims against the Colonial receivership have "no value." The FDIC argued in its motion that its own unilateral Colonial "no value" determination is binding on the Court in the 2010 Action and requires dismissal of all unsecured claims filed by Bank of America in that action.

4.      Plaintiff, as co-counsel for Bank of America in the 2010 Action, submitted a FOIA request on its behalf to obtain agency records from the FDIC relating to the Colonial "no value" determination in order to evaluate the FDIC's conclusions concerning the assets available to the Colonial receivership.

5.      The FDIC violated FOIA by wrongfully refusing to produce agency records relating to the Colonial "no value" determination, including the administrative record for that action and other supporting documentation and related documents, production of which is required by FOIA and not subject to any valid exemption therefrom.

## The Parties

6.      Plaintiff is a limited liability law firm partnership with its principal place of business in Richmond, Virginia.

7.      The FDIC is the federal agency that has possession, custody, and control of the documents that Plaintiff seeks.  The FDIC is an agency within the meaning of 5 U.S.C. § 552(f). In its capacity as Receiver, the FDIC was appointed to administer the receivership estate of Colonial.

## Jurisdiction

8.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9.      Venue is proper in the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## General Allegations

10.      On April 19, 2013, the FDIC published a Notice in the *Federal Register* entitled "Determination of Insufficient Assets to Satisfy Claims Against Financial Institution" ("Notice").  *See* 78 Fed. Reg. 76, 23565.  The "Summary" section of the Notice states:  "The FDIC has determined that insufficient assets exist in the receivership of Colonial Bank, Montgomery, Alabama, to make any distribution on general unsecured claims, and therefore such claims will recover nothing and have no value."

11.      The FDIC is actively seeking to use the Colonial "no value" determination and Notice to defeat Bank of America's property rights and statutory right to judicial review of its claims against the Colonial receivership.

12.      Plaintiff, as counsel for Bank of America, requested that the FDIC produce documents relating to the Colonial "no value" determination, including an accounting of the receivership and other reports made pursuant to 12 U.S.C. § 1821(d)(15).  The FDIC responded that "such materials are not available and not discoverable" and suggested that Bank of America make a "proper request" for that information.

3

13.     By letter dated May 13, 2013, Plaintiff, on behalf of Bank of America, submitted a FOIA request to the FDIC for 14 categories of documents, including the "Administrative Record for the Determination" and "[a]ll factual records underlying the Determination." A true and correct copy of Plaintiff's FOIA request is attached as Exhibit A.

14.     Plaintiff requested that the FDIC process its FOIA request "out of turn" pursuant to 12 C.F.R. § 309.5(d)(5) so that Bank of America could properly assess the FDIC's Colonial "no value" determination before responding to the FDIC's motion to dismiss in the 2010 Action. The FDIC characterized that request as a request for expedited processing and denied it by emails received on May 15, 2013, and May 20, 2013.

15.     In a letter dated May 24, 2013, the FDIC denied the vast majority of Plaintiff's FOIA request. The FDIC withheld in their entirety records responsive to 12 of the 14 categories of requested documents, including the "Administrative Record for the Determination" and "[a]ll factual records underlying the Determination." The FDIC made available only a series of monthly balance sheets for the receivership, which balance sheets provide no information about how the FDIC calculated any recoveries it may obtain for Colonial through litigation and other proceedings.

16.     By letter dated June 4, 2013, Plaintiff, on behalf of Bank of America, appealed the FDIC's denial of the vast majority of its FOIA request. A true and correct copy of Plaintiff's FOIA appeal is attached as Exhibit B.

17.     By letter dated July 3, 2013, the FDIC denied Plaintiff's FOIA appeal. The FDIC acknowledged that it was withholding responsive records including, among other things, "a detailed financial analysis of the Receivership assets, balance sheet adjustments, and potential recoveries, as well as an account of the Receivership's liabilities, claims against the Receivership, and financial statements." The FDIC contended, incorrectly, that "the determination record is covered in its entirety by the deliberative process privilege." The FDIC notified Plaintiff of its right to judicial review pursuant to 5 U.S.C. § 552(a)(4)(B).

18.     The FDIC stated in its July 3, 2013 letter that, to the extent Bank of America "is involved in pending litigation regarding the Determination, [it] may seek in discovery relevant and necessary records under the Federal Rules of Civil Procedure." Nonetheless, the FDIC has stated repeatedly in the 2010 Action that records underlying the Colonial "no value" determination and Notice are not subject to civil discovery.

19.     The FDIC has wrongfully withheld the requested records from Plaintiff, with the effect of preventing Plaintiff and its client Bank of America from challenging the FDIC's Colonial "no value" determination, which the FDIC has asserted requires the dismissal of claims validly filed by Bank of America, pursuant to FIRREA, against the FDIC as Receiver for Colonial in the 2010 Action.

## Claim for Relief

## (Freedom of Information Act)

20.     Plaintiff incorporates by reference the allegations of the preceding paragraphs.

21.     Plaintiff, on behalf of Bank of America, made a proper FOIA request on May 13, 2013 in order to test the validity and merit of the FDIC's Colonial "no value" determination.

22.     The FDIC has not provided the records requested by Plaintiff.

23.     The FDIC has wrongfully withheld the records requested by Plaintiff.

24.     Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the FDIC.

25.     Plaintiff is entitled to relief pursuant to 5 U.S.C. § 552(a)(4)(B).

## Prayer for Relief

WHEREFORE, Plaintiff demands an order and judgment against the FDIC:

(a)     declaring that the FDIC unlawfully withheld the records requested by Plaintiff;

(b)     ordering the FDIC to disclose in their entirety the records requested by Plaintiff;

(c)     awarding Plaintiff attorney's fees and costs as may be permitted by law; and

(e)     granting such other relief as the Court may deem just and proper.

Dated:  July 23, 2013

HUNTON & WILLIAMS LLP

By: */s/ Jonathan H. Lasken*
Matthew Bosher (admission pending)
Jonathan H. Lasken (Bar No. 997251)
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Tel.:  202-995-1500
Fax:  202-778-22001
mbosher@hunton.com
jlasken@hunton.com

Frank E. Emory, Jr. (Bar No. 975713)
Patrick L. Robson (to be admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
101 South Tryon Street
Charlotte, NC 28280
Tel.:  704-378-4700
Fax:  704-378-4890
femory@hunton.com
probson@hunton.com

*Attorneys for Hunton & Williams LLP*